1  Jeffrey L. Hartman, Esq., #001607
   **HARTMAN & HARTMAN**                    **E-Filed**    8/26/10
2  510 West Plumb Lane, Suite B
   Reno, Nevada 89509
3  Telephone: (775) 324-2800
   Facsimile: (775) 324-1818
4  E-mail: notices@bankruptcyreno.com

5  Attorneys for Plaintiffs

6               **UNITED STATES BANKRUPTCY COURT**

7                      **DISTRICT OF NEVADA**

8                                              Case No.  NV-08-51131-GWZ
   IN RE:
9                                              Chapter 7
   CETUS MORTGAGE, LTD.,
10
              Debtor.
11  _____/
                                               Adv. No. _____
12  CYNTHIA MORREY; RICHARD W.
    EICHHORN; MICHAEL RHOADS, as              **COMPLAINT FOR JUDICIAL**
13  General Partner for SPRINGVILLE           **FORECLOSURE, DECLARATORY**
    INVESTORS II GP and as General Partner    **RELIEF**
14  for COUNTRY RHOADS ASSOCIATES
    LP; PAUL S. FEARS; STACEY NOLL
15  FEARS; DEAN S. HAGEN as Trustee for
    HAGEN LIVING TRUST; IRENE J.
16  HAGEN as Trustee for HAGEN LIVING
    TRUST; ELMER R. VACCHINA as Trustee
17  for ELMER R. VACCHINA TRUST;
    WILLIAM H. WRIGHT as Trustee for
18  WRIGHT FAMILY TRUST; ROSALIE M.
    WRIGHT as Trustee for WRIGHT FAMILY
19  TRUST; STEVEN A. TUTTLE; NANCY R.
    TUTTLE; OPAL A. SMITH as Trustee of the
20  survivor's trust under the LEONARD W.
    AND OPAL A. SMITH FAMILY TRUST;
21  GEORGE M. DIXON; JANIS A. DIXON;
    ELSEY D. HARDEN as Trustee of
22  HARDEN 1992 FAMILY TRUST; MARIE
    JEANNE HARDEN as Trustee of HARDEN
23  1992 FAMILY TRUST; MICHAEL
    BENNING; LORI BENNING; BARBARA
24  D. BEAL as Trustee for BARBARA D.
    BEAL LIVING TRUST; HELEN L. NOLTE
25  as Trustee for HELEN L. NOLTE LIVING
    TRUST; CARY P. YOUNG; ERIN M.
26  YOUNG; PHILIP L. GREEN; DONNA M.
    GREEN; RAY P. HOGLAND as Trustee for
27  2002 HOGLAND TRUST; WILLIAM H.
    JEPHSON as Trustee for JEPHSON
28  FAMILY TRUST; ELEANOR J. JEPHSON

1  as Trustee for JEPHSON FAMILY TRUST;
   RANDALL R. RUCH as Trustee for
2  SCHUYKILL VALLEY SPORTING
   GOODS, INC. PROFIT SHARING PLAN;
3  GERALD WILLIAMS as Trustee for
   SCHUYKILL VALLEY SPORTING
4  GOODS, INC. PROFIT SHARING PLAN;
   JAY SCHAEFFER, VICTOR ALAN
5  PERRY as Trustee for VICTOR ALAN
   PERRY, LLC DEFINED BENEFIT
6  PENSION PLAN; and SHARLENE JONES
   as executor for IRENE S. K. CHUN
7  (deceased).

8      Plaintiffs,

9  vs.

10 RONALD E. OSBORN; BRENT P.
   OSBORN; OSBORN DEVELOPMENT,
11 CO., LLC, a Nevada limited liability
   company, RV & YACHT I, LLC, a Nevada
12 limited liability company; BILL BOOTH;
   LAVONE BOOTH; GENE E.
13 MCCLELLAND as Trustee for
   MCCLELLAND LIVING TRUST;
14 PATRICIA L. MCCLELLAND as Trustee
   for MCCLELLAND LIVING TRUST;
15 GEORGE C. SCHUMACHER; TERRY
   ANNE SCHUMACHER; DUANE E.
16 FLESHMAN; JOHNNIE M. FLESHMAN;
   STACY L. DOUTRE as custodian for
17 DEREK M. DOUTRE; RAJEN N. BHATT;
   GINO V. MOTL; JOANNE
18 TOMASIEWICZ; PEGGY LAKEY;
   RODGER LAKEY; WILLIAM T. HIGGS;
19 JUDY E. HIGGS; KELVIN R. LAIRD;
   ROBERT J. FRICKE as Successor Trustee of
20 the FRICKE 2001 FAMILY TRUST;
   DARLENE LUSTER; DEBRA LYNN
21 HORTON; HAZEL M. SIMMONS;
   MARJORIE M. JONES; CHARLES E.
22 SLAVIN as Trustee for SLAVIN FAMILY
   REVOCABLE TRUST; PATRICIA E.
23 SLAVIN as Trustee for SLAVIN FAMILY
   REVOCABLE TRUST; PETER ALBERT
24 JEPHSON; ETHEL G. JEPHSON;
   QUARLES G. GELTZ, JR.; LOA JEAN
25 GELTZ; STEPHEN F. GIES; SHARON
   GIES; RICHARD P. ASH as Trustee for
26 RICHARD P. AND MARY L. ASH 1990
   FAMILY TRUST; MARY L. ASH as
27 Trustee for RICHARD P. AND MARY L.
   ASH 1990 FAMILY TRUST; GEORGE M.
28 DIXON as Trustee for DIXON ELECTRIC

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

-2-

1  PENSION PLAN TRUST; JENNIFER
   HICKOK; VERONICA DORRIE as Trustee
2  for VERONICA DORRIE TRUST; JEANNE
   W. KEITH; RAY K. KEITH; HENRY L.
3  CLARK as Trustee for HENRY L. CLARK
   AND ROBERTA L. CLARK 1993 FAMILY
4  TRUST; ROBERTA L. CLARK as Trustee
   for HENRY L. CLARK AND ROBERTA L.
5  CLARK 1993 FAMILY TRUST; JENNIFER
   R. HICKOK; C/F JAMISON LEIGH
6  LUNDEMO; CAROL E. PORTA as Trustee
   for CAROL R. PORTA REVOCABLE
7  TRUST; GAYLE ROBINSON; MICHAEL
   JOHN PONTRELLI as Trustee for
8  PONTRELLI FAMILY TRUST; NORMA
   JEAN PONTRELLI as Trustee for
9  PONTRELLI FAMILY TRUST;
   JONATHAN EDWARD ARNOW as
10 Trustee for TESSA ARNOW TRUST;
   CLYDE R. BROWN as Trustee for BROWN
11 FAMILY TRUST; SHARAN L. BROWN as
   Trustee for BROWN FAMILY TRUST;
12 CYNTHIA G. DAVIS as Trustee for
   SECONDED AMENDED CYNTHIA G.
13 DAVIS LIVING TRUST DATED JULY 1,
   2004; TRACE W. GEIL; MARY A.
14 GIANNOTTI as Trustee for GIANNOTTI
   FAMILY BYPASS TRUST CREATED
15 UNDER THE GIANNOTTI 1990
   REVOCABLE TRUST DATED OCTOBER
16 23, 1990; BEVERLY WALLACE; LOIS G.
   ROBINSON; JOHN R. LINDELL as Trustee
17 for LINDELL'S PAINTING SERVICE
   MONEY PURCHASE PENSION PLAN
18 AGREEMENT; BARBARA A. LINDELL as
   Trustee for LINDELL'S PAINTING
19 SERVICE MONEY PURCHASE PENSION
   PLAN AGREEMENT; SHERRI KEY as
20 Trustee for LINDELL'S PAINTING
   SERVICE MONEY PURCHASE PENSION
21 PLAN AGREEMENT; ANGELIQUE
   CLARK as Trustee for CETUS
22 MORTGAGE; and STOREY COUNTY,
   NEVADA
23
       Defendants.
24

25 _____/

26     Plaintiffs CYNTHIA MORREY; RICHARD W. EICHHORN; MICHAEL

27 RHOADS, as General Partner for SPRINGVILLE INVESTORS II GP and as General

28 Partner for COUNTRY RHOADS ASSOCIATES LP; PAUL S. FEARS; STACEY NOLL

1   FEARS; DEAN S. HAGEN as Trustee for HAGEN LIVING TRUST; IRENE J. HAGEN as

2   Trustee for HAGEN LIVING TRUST; ELMER R. VACCHINA as Trustee for ELMER R.

3   VACCHINA TRUST; WILLIAM H. WRIGHT as Trustee for WRIGHT FAMILY TRUST;

4   ROSALIE M. WRIGHT as Trustee for WRIGHT FAMILY TRUST; STEVEN A. TUTTLE;

5   NANCY R. TUTTLE; OPAL A. SMITH as Trustee of the survivor's trust under the

6   LEONARD W. AND OPAL A. SMITH FAMILY TRUST; GEORGE M. DIXON; JANIS

7   A. DIXON; ELSEY D. HARDEN as Trustee of HARDEN 1992 FAMILY TRUST; MARIE

8   JEANNE HARDEN as Trustee of HARDEN 1992 FAMILY TRUST; MICHAEL

9   BENNING; LORI BENNING; BARBARA D. BEAL as Trustee for BARBARA D. BEAL

10  LIVING TRUST; HELEN L. NOLTE as Trustee for HELEN L. NOLTE LIVING TRUST;

11  CARY P. YOUNG; ERIN M. YOUNG; PHILIP L. GREEN; DONNA M. GREEN; RAY P.

12  HOGLAND as Trustee for 2002 HOGLAND TRUST; WILLIAM H. JEPHSON as Trustee

13  for JEPHSON FAMILY TRUST; ELEANOR J. JEPHSON as Trustee for JEPHSON

14  FAMILY TRUST; RANDALL R. RUCH as Trustee for SCHUYKILL VALLEY

15  SPORTING GOODS, INC. PROFIT SHARING PLAN; GERALD WILLIAMS as Trustee

16  for SCHUYKILL VALLEY SPORTING GOODS, INC. PROFIT SHARING PLAN; JAY

17  SCHAEFFER, and VICTOR ALAN PERRY as Trustee for VICTOR ALAN PERRY, LLC

18  DEFINED BENEFIT PENSION PLAN (hereinafter "Plaintiffs"),

19  as and for their complaint against Defendants RONALD E. OSBORN; BRENT P.

20  OSBORN; OSBORN DEVELOPMENT, CO., LLC, a Nevada limited liability company,

21  RV & YACHT I, LLC, a Nevada limited liability company; BILL BOOTH; LAVONE

22  BOOTH; GENE E. MCCLELLAND as Trustee for MCCLELLAND LIVING TRUST;

23  PATRICIA L. MCCLELLAND as Trustee for MCCLELLAND LIVING TRUST; GEORGE

24  C. SCHUMACHER; TERRY ANNE SCHUMACHER; DUANE E. FLESHMAN;

25  JOHNNIE M. FLESHMAN; STACY L. DOUTRE as custodian for DERREK M. DOUTRE;

26  RAJEN N. BHATT; GINO V. MOTL; JOANNE TOMASIEWICZ; PEGGY LAKEY;

27  RODGER LAKEY; WILLIAM T. HIGGS; JUDY E. HIGGS; KELVIN R. LAIRD;

28  ROBERT J. FRICKE as Successor Trustee of the FRICKE 2001 FAMILY TRUST;

1   DARLENE LUSTER; DEBRA LYNN HORTON; HAZEL M. SIMMONS; MARJORIE M.
2   JONES; CHARLES E. SLAVIN as Trustee for SLAVIN FAMILY REVOCABLE TRUST;
3   PATRICIA E. SLAVIN as Trustee for SLAVIN FAMILY REVOCABLE TRUST; PETER
4   ALBERT JEPHSON; ETHEL G. JEPHSON; CHARLES G. GELTZ, JR.; LOA JEAN
5   GELTZ; STEPHEN F. GIES; SHARON GIES; RICHARD P. ASH as Trustee for
6   RICHARD P. AND MARY L. ASH 1990 FAMILY TRUST; MARY L. ASH as Trustee for
7   RICHARD P. AND MARY L. ASH 1990 FAMILY TRUST; GEORGE M. DIXON as
8   Trustee for DIXON ELECTRIC PENSION PLAN TRUST; JENNIFER HICKOK;
9   VERONICA DORRIE as Trustee for VERONICA DORRIE TRUST; JEANNE W. KEITH;
10  RAY K. KEITH; HENRY L. CLARK as Trustee for HENRY L. CLARK AND ROBERTA
11  L. CLARK 1993 FAMILY TRUST; ROBERTA L. CLARK as Trustee for HENRY L.
12  CLARK AND ROBERTA L. CLARK 1993 FAMILY TRUST; JENNIFER R. HICKOK;
13  C/F JAMISON LEIGH LUNDEMO; CAROL E. PORTA as Trustee for CAROL R. PORTA
14  REVOCABLE TRUST; GAYLE ROBINSON; MICHAEL JOHN PONTRELLI as Trustee
15  for PONTRELLI FAMILY TRUST; NORMA JEAN PONTRELLI as Trustee for
16  PONTRELLI FAMILY TRUST; JONATHAN EDWARD ARNOW as Trustee for TESSA
17  ARNOW TRUST; CLYDE R. BROWN as Trustee for BROWN FAMILY TRUST;
18  SHARAN L. BROWN as Trustee for BROWN FAMILY TRUST; CYNTHIA G. DAVIS as
19  Trustee for SECONDED AMENDED CYNTHIA G. DAVIS LIVING TRUST DATED
20  JULY 1, 2004; TRACE W. GEIL; MARY A. GIANNOTTI as Trustee for GIANNOTTI
21  FAMILY BYPASS TRUST CREATED UNDER THE GIANNOTTI 1990 REVOCABLE
22  TRUST DATED OCTOBER 23, 1990; BEVERLY WALLACE; LOIS G. ROBINSON;
23  JOHN R. LINDELL as Trustee for LINDELL'S PAINTING SERVICE MONEY
24  PURCHASE PENSION PLAN AGREEMENT; BARBARA A. LINDELL as Trustee for
25  LINDELL'S PAINTING SERVICE MONEY PURCHASE PENSION PLAN
26  AGREEMENT; SHERRI KEY as Trustee for LINDELL'S PAINTING SERVICE MONEY
27  PURCHASE PENSION PLAN AGREEMENT; ANGELIQUE CLARK as Trustee for
28  CETUS MORTGAGE; and STOREY COUNTY(hereinafter "Defendants"), hereby state and

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

-5-

1 │ allege as follows:

2 │ <center>**JURISDICTION**</center>

3 │     1.     This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§157(a)

4 │ and 1334 and LR 1001.

5 │     2.     This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O).

6 │     3.     Venue is proper in this court by reason of 28 U.S.C. §1409.

7 │ <center>**PARTIES**</center>

8 │ **Plaintiffs**

9 │     4.     Plaintiff CYNTHIA MORREY, at all times mentioned herein, is and was an

10 │ individual residing in Washoe County, Nevada.

11 │     5.     Plaintiff RICHARD W. EICHHORN, at all times mentioned herein, is and

12 │ was an individual residing in the state of Pennsylvania. EICHHORN has given a limited

13 │ power of attorney to Plaintiff Morrey authorizing her to manage this litigation and to

14 │ eventually liquidate the PROPERTY and to receive proportionate reimbursement for

15 │ expenditures incurred in this litigation.

16 │     6.     Plaintiff MICHAEL RHOADS, at all times mentioned herein, is and was an

17 │ individual residing in the state of Pennsylvania, and is and was a General Partner for

18 │ SPRINGVILLE INVESTORS II GP and a General Partner for COUNTRY RHOADS

19 │ ASSOCIATES LP. RHOADS has given a limited power of attorney to Plaintiff Morrey

20 │ authorizing her to manage this litigation and to eventually liquidate the PROPERTY and to

21 │ receive proportionate reimbursement for expenditures incurred in this litigation.

22 │     7.     Plaintiff PAUL S. FEARS, at all times mentioned herein, is and was an

23 │ individual residing in the state of Pennsylvania. FEARS has given a limited power of

24 │ attorney to Plaintiff Morrey authorizing her to manage this litigation and to eventually

25 │ liquidate the PROPERTY and to receive proportionate reimbursement for expenditures

26 │ incurred in this litigation.

27 │     8.     Plaintiff STACEY NOLL FEARS, at all times mentioned herein, is and was

28 │ an individual residing in the state of Pennsylvania. FEARS has given a limited power of

1   attorney to Plaintiff Morrey authorizing her to manage this litigation and to eventually

2   liquidate the PROPERTY and to receive proportionate reimbursement for expenditures

3   incurred in this litigation.

4       9.      Plaintiff DEAN S. HAGEN, at all times mentioned herein, is and was an

5   individual residing in the state of Florida, and is and was a Trustee for HAGEN LIVING

6   TRUST. HAGEN has given a limited power of attorney to Plaintiff Morrey authorizing her

7   to manage this litigation and to eventually liquidate the PROPERTY and to receive

8   proportionate reimbursement for expenditures incurred in this litigation.

9       10.     Plaintiff IRENE J. HAGEN, at all times mentioned herein, is and was an

10  individual residing in the state of Florida, and is and was a Trustee for HAGEN LIVING

11  TRUST. HAGEN has given a limited power of attorney to Plaintiff Morrey authorizing her

12  to manage this litigation and to eventually liquidate the PROPERTY and to receive

13  proportionate reimbursement for expenditures incurred in this litigation.

14      11.     Plaintiff ELMER R. VACCHINA, at all times mentioned herein, is and was

15  an individual residing in Washoe County, Nevada, and is and was a Trustee for ELMER R.

16  VACCHINA TRUST. VACCHINA has given a limited power of attorney to Plaintiff

17  Morrey authorizing her to manage this litigation and to eventually liquidate the PROPERTY

18  and to receive proportionate reimbursement for expenditures incurred in this litigation.

19      12.     Plaintiff ROSALIE M. WRIGHT, at all times mentioned herein, is and was

20  an individual residing in the state of California and is and was a Trustee for WRIGHT

21  FAMILY TRUST. WRIGHT has given a limited power of attorney to Plaintiff Morrey

22  authorizing her to manage this litigation and to eventually liquidate the PROPERTY and to

23  receive proportionate reimbursement for expenditures incurred in this litigation.

24      13.     Plaintiff WILLIAM H. WRIGHT was an individual residing in the state of

25  California and is now deceased. WRIGHT has given a limited power of attorney to Plaintiff

26  Morrey authorizing her to manage this litigation and to eventually liquidate the PROPERTY

27  and to receive proportionate reimbursement for expenditures incurred in this litigation.

28      14.     Plaintiff STEVEN A. TUTTLE, at all times mentioned herein, is and was an

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

-7-

1   individual residing in Washoe County, Nevada. TUTTLE has given a limited power of
2   attorney to Plaintiff Morrey authorizing her to manage this litigation and to eventually
3   liquidate the PROPERTY and to receive proportionate reimbursement for expenditures
4   incurred in this litigation.

5       15.   Plaintiff NANCY R. TUTTLE, at all times mentioned herein, is and was an
6   individual residing in Washoe County, Nevada. TUTTLE has given a limited power of
7   attorney to Plaintiff Morrey authorizing her to manage this litigation and to eventually
8   liquidate the PROPERTY and to receive proportionate reimbursement for expenditures
9   incurred in this litigation.

10      16.   Plaintiff OPAL A. SMITH, at all times mentioned herein, is and was an
11  individual residing in Washoe County, Nevada, and is and was a Trustee of the survivor's
12  trust under the LEONARD W. AND OPAL A. SMITH FAMILY TRUST. SMITH has
13  given a limited power of attorney to Plaintiff Morrey authorizing her to manage this
14  litigation and to eventually liquidate the PROPERTY and to receive proportionate
15  reimbursement for expenditures incurred in this litigation.

16      17.   Plaintiff GEORGE M. DIXON, at all times mentioned herein, is and was an
17  individual residing in Washoe County, Nevada. DIXON has given a limited power of
18  attorney to Plaintiff Morrey authorizing her to manage this litigation and to eventually
19  liquidate the PROPERTY and to receive proportionate reimbursement for expenditures
20  incurred in this litigation.

21      18.   Plaintiff JANIS A. DIXON was an individual residing in Washoe County,
22  Nevada, and is now deceased. DIXON has given a limited power of attorney to Plaintiff
23  Morrey authorizing her to manage this litigation and to eventually liquidate the PROPERTY
24  and to receive proportionate reimbursement for expenditures incurred in this litigation.

25      19.   Plaintiff ELSEY D. HARDEN, at all times mentioned herein, is and was an
26  individual residing in Washoe County, Nevada, and is and was a Trustee for HARDEN 1992
27  FAMILY TRUST. HARDEN has given a limited power of attorney to Plaintiff Morrey
28  authorizing her to manage this litigation and to eventually liquidate the PROPERTY and to

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

-8-

1   receive proportionate reimbursement for expenditures incurred in this litigation.

2       20.     Plaintiff MARIE JEANNE HARDEN, at all times mentioned herein, is and

3   was an individual residing in Washoe County, Nevada, and is and was a Trustee for

4   HARDEN 1992 FAMILY TRUST.  HARDEN has given a limited power of attorney to

5   Plaintiff Morrey authorizing her to manage this litigation and to eventually liquidate the

6   PROPERTY and to receive proportionate reimbursement for expenditures incurred in this

7   litigation.

8       21.     Plaintiff MICHAEL BENNING, at all times mentioned herein, is and was an

9   individual residing in Washoe County, Nevada.  BENNING has given a limited power of

10   attorney to Plaintiff Morrey authorizing her to manage this litigation and to eventually

11   liquidate the PROPERTY and to receive proportionate reimbursement for expenditures

12   incurred in this litigation.

13       22.     Plaintiff LORI BENNING, at all times mentioned herein, is and was an

14   individual residing in Washoe County, Nevada.  BENNING has given a limited power of

15   attorney to Plaintiff Morrey authorizing her to manage this litigation and to eventually

16   liquidate the PROPERTY and to receive proportionate reimbursement for expenditures

17   incurred in this litigation.

18       23.     Plaintiff BARBARA D. BEAL, at all times mentioned herein, is and was an

19   individual residing in Washoe County, Nevada, and is and was a Trustee for BARBARA D.

20   BEAL LIVING TRUST.  BEAL has given a limited power of attorney to Plaintiff Morrey

21   authorizing her to manage this litigation and to eventually liquidate the PROPERTY and to

22   receive proportionate reimbursement for expenditures incurred in this litigation.

23       24.     Plaintiff HELEN L. NOLTE, at all times mentioned herein, is and was an

24   individual residing in Washoe County, Nevada, and is and was a Trustee for HELEN L.

25   NOLTE LIVING TRUST.  NOLTE has given a limited power of attorney to Plaintiff Morrey

26   authorizing her to manage this litigation and to eventually liquidate the PROPERTY and to

27   receive proportionate reimbursement for expenditures incurred in this litigation.

28       25.     Plaintiff CARY P. YOUNG, at all times mentioned herein, is and was an

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

-9-

1  individual residing in Washoe County, Nevada.  YOUNG has given a limited power of

2  attorney to Plaintiff Morrey authorizing her to manage this litigation and to eventually

3  liquidate the PROPERTY and to receive proportionate reimbursement for expenditures

4  incurred in this litigation.

5       26.    Plaintiff ERIN M. YOUNG, at all times mentioned herein, is and was an

6  individual residing in Washoe County, Nevada.  YOUNG has given a limited power of

7  attorney to Plaintiff Morrey authorizing her to manage this litigation and to eventually

8  liquidate the PROPERTY and to receive proportionate reimbursement for expenditures

9  incurred in this litigation.

10      27.    Plaintiff PHILLIP L. GREEN, at all times mentioned herein, is and was an

11  individual residing in the state of Colorado.  GREEN has given a limited power of attorney

12  to Plaintiff Morrey authorizing her to manage this litigation and to eventually liquidate the

13  PROPERTY and to receive proportionate reimbursement for expenditures incurred in this

14  litigation.

15      28.    Plaintiff DONNA M. GREEN, at all times mentioned herein, is and was an

16  individual residing in the state of Colorado.  GREEN has given a limited power of attorney

17  to Plaintiff Morrey authorizing her to manage this litigation and to eventually liquidate the

18  PROPERTY and to receive proportionate reimbursement for expenditures incurred in this

19  litigation.

20      29.    Plaintiff RAY P. HOGLAND, at all times mentioned herein, is and was an

21  individual residing in Washoe County, Nevada, and is and was a Trustee for 2002

22  HOGLAND TRUST.  HOGLAND has given a limited power of attorney to Plaintiff Morrey

23  authorizing her to manage this litigation and to eventually liquidate the PROPERTY and to

24  receive proportionate reimbursement for expenditures incurred in this litigation.

25      30.    Plaintiff WILLIAM H. JEPHSON, at all times mentioned herein, is and was

26  an individual residing in Washoe County, Nevada, and is and was a Trustee for JEPHSON

27  FAMILY TRUST.  JEPHSON has given a limited power of attorney to Plaintiff Morrey

28  authorizing her to manage this litigation and to eventually liquidate the PROPERTY and to

1   receive proportionate reimbursement for expenditures incurred in this litigation.

2       31.   Plaintiff ELEANOR J. JEPHSON, at all times mentioned herein, is and was
3   an individual residing in Washoe County, Nevada, and is and was a Trustee for JEPHSON
4   FAMILY TRUST. JEPHSON has given a limited power of attorney to Plaintiff Morrey
5   authorizing her to manage this litigation and to eventually liquidate the PROPERTY and to
6   receive proportionate reimbursement for expenditures incurred in this litigation.

7       32.   Plaintiff RANDALL R. RUCH, at all times mentioned herein, is and was an
8   individual residing in the state of Pennsylvania, and is and was a Trustee for SCHUYKILL
9   VALLEY SPORTING GOODS, INC. PROFIT SHARING PLAN. RUCH has given a
10  limited power of attorney to Plaintiff Morrey authorizing her to manage this litigation and to
11  eventually liquidate the PROPERTY and to receive proportionate reimbursement for
12  expenditures incurred in this litigation.

13      33.   Plaintiff JAY SCHAEFFER, at all times mentioned herein, is and was an
14  individual residing in the state of Pennsylvania. SCHAEFFER has given a limited power of
15  attorney to Plaintiff Morrey authorizing her to manage this litigation and to eventually
16  liquidate the PROPERTY and to receive proportionate reimbursement for expenditures
17  incurred in this litigation

18      34.   Plaintiff VICTOR ALAN PERRY as Trustee for VICTOR ALAN PERRY,
19  LLC DEFINED BENEFIT PENSION PLAN, is a resident of the State of Nevada, County of
20  Washoe.  PERRY has given a limited power of attorney to Plaintiff Morrey authorizing her
21  to manage this litigation and to eventually liquidate the PROPERTY and to receive
22  proportionate reimbursement for expenditures incurred in this litigation.

23      35.   Plaintiff SHARLENE JONES as executor for IRENE S. K. CHUN
24  (deceased), is a resident of the State of Washington. JONES has given a limited power of
25  attorney to Plaintiff Morrey authorizing her to manage this litigation and to eventually
26  liquidate the PROPERTY and to receive proportionate reimbursement for expenditures
27  incurred in this litigation.

28

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

-11-

**Defendants**

36.    Plaintiff is informed and believes and thereon alleges that Defendant RONALD E. OSBORN, is a resident of the State of Nevada, County of Washoe.

37.    Plaintiff is informed and believes and thereon alleges that Defendant BRENT P. OSBORN, is a resident of the State of Nevada, County of Washoe.

38.  Plaintiff is informed and believes and thereon alleges that Defendant OSBORN DEVELOPMENT, CO., LLC, is a Nevada limited liability company with Defendant BRENT P. OSBORN or Defendant RONALD E. OSBORN acting as manager.

39.  Plaintiff is informed and believes and thereon alleges that Defendant RV & YACHT I, LLC, is a Nevada limited liability company with Defendant BRENT P. OSBORN or Defendant RONALD E. OSBORN acting as manager.

40.    Plaintiff is informed and believes and thereon alleges that Defendant BILL BOOTH, is a resident of the State of Nevada, County of Lyon.

41.    Plaintiff is informed and believes and thereon alleges that Defendant LAVONE BOOTH, is a resident of the State of Nevada, County of Lyon.

42.    Plaintiff is informed and believes and thereon alleges that Defendant GENE E. MCCLELLAND as Trustee for MCCLELLAND LIVING TRUST, is a resident of the State of Nevada, County of Washoe.

43.    Plaintiff is informed and believes and thereon alleges that Defendant PATRICIA L. MCCLELLAND as Trustee for MCCLELLAND LIVING TRUST, is a resident of the State of Nevada, County of Washoe.

44.    Plaintiff is informed and believes and thereon alleges that Defendant GEORGE C. SCHUMACHER, is a resident of the State of Illinois.

45.    Plaintiff is informed and believes and thereon alleges that Defendant TERRY ANNE SCHUMACHER, is a resident of the State of Illinois.

46.    Plaintiff is informed and believes and thereon alleges that Defendant DUANE E. FLESHMAN, is a resident of the State of Florida.

47.    Plaintiff is informed and believes and thereon alleges that Defendant

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

-12-

1  JOHNNIE M. FLESHMAN, is a resident of the State of Florida.

2          48.    Plaintiff is informed and believes and thereon alleges that Defendant STACY

3  L. DOUTRE as custodian for DEREK M. DOUTRE, is a resident of the State of Nevada,

4  County of Washoe.

5          49.    Plaintiff is informed and believes and thereon alleges that Defendant RAJEN

6  N. BHATT, is a resident of the State of Nevada, County of Washoe.

7          50.    Plaintiff is informed and believes and thereon alleges that Defendant  GINO

8  V. MOTL, is a resident of the State of Florida.

9          51.    Plaintiff is informed and believes and thereon alleges that Defendant

10  JOANNE TOMASIEWICZ, is a resident of the State of Florida.

11          52.    Plaintiff is informed and believes and thereon alleges that Defendant PEGGY

12  LAKEY, is a resident of the State of Nevada, County of Washoe.

13          53.    Plaintiff is informed and believes and thereon alleges that Defendant

14  RODGER LAKEY, is a resident of the State of Nevada, County of Washoe.

15          54.    Plaintiff is informed and believes and thereon alleges that Defendant

16  WILLIAM T. HIGGS, is a resident of the State of Nevada, County of Washoe.

17          55.    Plaintiff is informed and believes and thereon alleges that Defendant JUDY

18  E. HIGGS, is a resident of the State of Nevada, County of Washoe.

19          56.    Plaintiff is informed and believes and thereon alleges that Defendant

20  KELVIN R. LAIRD, is a resident of the State of Nevada, County of Washoe.

21          57.    Plaintiff is informed and believes and thereon alleges that Defendant

22  ROBERT J. FRICKE as Successor Trustee of the FRICKE 2001 FAMILY TRUST, is a

23  resident of the State of Nevada, County of Washoe.

24          58.    Plaintiff is informed and believes and thereon alleges that Defendant

25  DARLENE LUSTER, is a resident of the State of Nevada, County of Washoe.

26          59.    Plaintiff is informed and believes and thereon alleges that Defendant DEBRA

27  LYNN HORTON, is a resident of the State of Nevada, County of Washoe.

28          60.    Plaintiff is informed and believes and thereon alleges that Defendant HAZEL

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

-13-

1  M. SIMMONS, is a resident of the State of Nevada, County of Washoe.

2      61.    Plaintiff is informed and believes and thereon alleges that Defendant
3  MARJORIE M. JONES, is a resident of the State of Nevada, County of Washoe.

4      62.    Plaintiff is informed and believes and thereon alleges that Defendant
5  CHARLES E. SLAVIN as Trustee for SLAVIN FAMILY REVOCABLE TRUST, is a
6  resident of the State of Nevada, County of Washoe.

7      63.    Plaintiff is informed and believes and thereon alleges that Defendant
8  PATRICIA E. SLAVIN as Trustee for SLAVIN FAMILY REVOCABLE TRUST, is a
9  resident of the State of Nevada, County of Washoe.

10     64.    Plaintiff is informed and believes and thereon alleges that Defendant PETER
11  ALBERT JEPHSON, is a resident of the State of Idaho.

12     65.    Plaintiff is informed and believes and thereon alleges that Defendant ETHEL
13  G. JEPHSON, is a resident of the State of Idaho.

14     66.    Plaintiff is informed and believes and thereon alleges that Defendant
15  CHARLES G. GELTZ, JR., is a resident of the State of Utah.

16     67.    Plaintiff is informed and believes and thereon alleges that Defendant LOA
17  JEAN GELTZ, is a resident of the State of Utah.

18     68.    Plaintiff is informed and believes and thereon alleges that Defendant
19  STEPHEN F. GIES, is a resident of the State of California.

20     69.    Plaintiff is informed and believes and thereon alleges that Defendant
21  SHARON GIES, is a resident of the State of California.

22     70.    Plaintiff is informed and believes and thereon alleges that Defendant
23  RICHARD P. ASH as Trustee for RICHARD P. AND MARY L. ASH 1990 FAMILY
24  TRUST, is a resident of the State of Nevada, County of Washoe.

25     71.    Plaintiff is informed and believes and thereon alleges that Defendant MARY
26  L. ASH as Trustee for RICHARD P. AND MARY L. ASH 1990 FAMILY TRUST, is a
27  resident of the State of Nevada, County of Washoe.

28     72.    Plaintiff is informed and believes and thereon alleges that Defendant

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

-14-

1  GEORGE M. DIXON as Trustee for DIXON ELECTRIC PENSION PLAN TRUST, is a

2  resident of the State of Nevada, County of Washoe.

3      74.    Plaintiff is informed and believes and thereon alleges that Defendant

4  JENNIFER HICKOK, is a resident of the State of Nevada, County of Washoe.

5      75.    Plaintiff is informed and believes and thereon alleges that Defendant

6  VERONICA DORRIE as Trustee for VERONICA DORRIE TRUST, is a resident of the

7  State of Nevada, County of Washoe.

8      76.    Plaintiff is informed and believes and thereon alleges that Defendant

9  JEANNE W. KEITH, is a resident of the State of Florida.

10     77.    Plaintiff is informed and believes and thereon alleges that Defendant RAY K.

11 KEITH, is a resident of the State of Florida.

12     78.    Plaintiff is informed and believes and thereon alleges that Defendant HENRY

13 L. CLARK as Trustee for HENRY L. CLARK AND ROBERTA L. CLARK 1993 FAMILY

14 TRUST, is a resident of the State of Nevada, County of Washoe.

15     79.    Plaintiff is informed and believes and thereon alleges that Defendant

16 ROBERTA L. CLARK as Trustee for HENRY L. CLARK AND ROBERTA L. CLARK

17 1993 FAMILY TRUST, is a resident of the State of Nevada, County of Washoe.

18     80.    Plaintiff is informed and believes and thereon alleges that Defendant

19 JENNIFER R. HICKOK, is a resident of the State of Nevada, County of Washoe.

20     81.    Plaintiff is informed and believes and thereon alleges that Defendant C/F

21 JAMISON LEIGH LUNDEMO, is a resident of the State of Nevada, County of Washoe.

22     82.    Plaintiff is informed and believes and thereon alleges that Defendant CAROL

23 E. PORTA as Trustee for CAROL R. PORTA REVOCABLE TRUST, is a resident of the

24 State of Nevada, County of Washoe.

25     83.    Plaintiff is informed and believes and thereon alleges that Defendant GAYLE

26 ROBINSON, is a resident of the State of Nevada, County of Washoe.

27     84.    Plaintiff is informed and believes and thereon alleges that Defendant

28 MICHAEL JOHN PONTRELLI as Trustee for PONTRELLI FAMILY TRUST, is a resident

1 of the State of Nevada, County of Washoe.

2     85.    Plaintiff is informed and believes and thereon alleges that Defendant

3 NORMA JEAN PONTRELLI as Trustee for PONTRELLI FAMILY TRUST, is a resident

4 of the State of Nevada, County of Washoe.

5     86.    Plaintiff is informed and believes and thereon alleges that Defendant

6 JONATHAN EDWARD ARNOW as Trustee for TESSA ARNOW TRUST, is a resident of

7 the State of Nevada, County of Washoe.

8     87.    Plaintiff is informed and believes and thereon alleges that Defendant CLYDE

9 R. BROWN as Trustee for BROWN FAMILY TRUST, is a resident of the State of Nevada,

10 County of Washoe.

11     88.    Plaintiff is informed and believes and thereon alleges that Defendant

12 SHARAN L. BROWN as Trustee for BROWN FAMILY TRUST, is a resident of the State

13 of Nevada, County of Washoe.

14     89.    Plaintiff is informed and believes and thereon alleges that Defendant

15 CYNTHIA G. DAVIS as Trustee for SECONDED AMENDED CYNTHIA G. DAVIS

16 LIVING TRUST DATED JULY 1, 2004, is a resident of the State of Nevada, County of

17 Washoe.

18     90.    Plaintiff is informed and believes and thereon alleges that Defendant TRACE

19 W. GEIL, is a resident of the State of Nevada, County of Washoe.

20     91.    Plaintiff is informed and believes and thereon alleges that Defendant MARY

21 A. GIANNOTTI as Trustee for GIANNOTTI FAMILY BYPASS TRUST CREATED

22 UNDER THE GIANNOTTI 1990 REVOCABLE TRUST DATED OCTOBER 23, 1990, is

23 a resident of the State of Nevada, County of Washoe.

24     92.    Plaintiff is informed and believes and thereon alleges that Defendant

25 BEVERLY WALLACE, is a resident of the State of New York.

26     93.    Plaintiff is informed and believes and thereon alleges that Defendant LOIS G.

27 ROBINSON, is a resident of the State of Nevada, County of Washoe.

28     94.    Plaintiff is informed and believes and thereon alleges that Defendant JOHN

1 | R. LINDELL as Trustee for LINDELL'S PAINTING SERVICE MONEY PURCHASE

2 | PENSION PLAN AGREEMENT, is a resident of the State of Nevada, County of Washoe.

3 |      95.    Plaintiff is informed and believes and thereon alleges that Defendant

4 | BARBARA A. LINDELL as Trustee for LINDELL'S PAINTING SERVICE MONEY

5 | PURCHASE PENSION PLAN AGREEMENT, is a resident of the State of Nevada, County

6 | of Washoe.

7 |      96.    Plaintiff is informed and believes and thereon alleges that Defendant SHERRI

8 | KEY as Trustee for LINDELL'S PAINTING SERVICE MONEY PURCHASE PENSION

9 | PLAN AGREEMENT, is a resident of the State of Nevada, County of Washoe.

10 |      97.    Defendant ANGELIQUE CLARK as Trustee for CETUS MORTGAGE, is a

11 | resident of the State of Nevada, County of Washoe.

12 |      98.    Defendant STOREY COUNTY, is a political subdivision of the State of

13 | Nevada.

14 |

15 | **GENERAL ALLEGATIONS**

16 |      99. Prior to filing its bankruptcy case, Cetus Mortgage, Ltd. ("CETUS") was a

17 | licensed mortgage broker, ostensibly in compliance with NRS 645B. CETUS acted as a

18 | mortgage broker which arranged loans between private lenders and borrowers.

19 |

20 | **FIRST NOTE and FIRST DEED OF TRUST**

21 |      100. In or around May of 2007, one or more CETUS representatives contacted

22 | various private lenders to fund a loan to Defendants RONALD E. OSBORN and BRENT P.

23 | OSBORN, hereinafter referred to as THE OSBORNS, and including OSBORN

24 | DEVELOPMENT CO., LLC.

25 |      101. Plaintiffs, also sometimes referred to herein as THE FIRST RV PARK

26 | LENDERS, agreed to fund a $1,700,000 loan to Defendant OSBORN DEVELOPMENT

27 | CO. LLC. ("FIRST LOAN").

28 |

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

-17-

1    102. THE FIRST RV PARK LENDERS based their decision to fund the $1.7
2    million FIRST LOAN to THE OSBORNS on many factors, including the development
3    proposed for the PROPERTY, as described below, the terms of the loan, and the
4    recommendations of CETUS representative Marcilyn Benvin.

5    103. On or about May 17, 2007, Defendants OSBORN DEVELOPMENT CO. LLC,
6    RONALD E. OSBORN and BRENT P. OSBORN executed a Promissory Note in favor of
7    FIRST RV PARK LENDERS ("FIRST NOTE"). Pursuant to the terms of the FIRST
8    NOTE, OSBORN DEVELOPMENT CO. LLC and THE OSBORNS promised to pay the
9    principal sum of $1,700,000 plus interest at the rate of 10% per annum to the FIRST RV
10   PARK LENDERS. According to the terms of the FIRST NOTE, payments of interest only
11   were to be paid commencing June 30, 2007, and continuing through May 31, 2008, at which
12   time the entire unpaid balance plus accrued interest was immediately due and payable.

13   104.    Repayment of the FIRST NOTE is secured by a deed of trust ("FIRST DEED
14   OF TRUST") encumbering 10 acres of unimproved real PROPERTY (the "PROPERTY")
15   located in the Tahoe Reno Industrial Center east of Reno, Nevada. THE FIRST DEED OF
16   TRUST was recorded May 31, 2007 in the official records of Storey County, Nevada as
17   document 106796.

18   105. On May 31, 2007, the FIRST RV PARK LENDERS obtained a lenders' policy
19   of insurance from FIRST AMERICAN TITLE INSURANCE COMPANY insuring the
20   FIRST DEED OF TRUST in senior position on the PROPERTY.

21

22   **CCRS AND RECORD OF SURVEY**

23   106.    On October 4, 2007, THE OSBORNS recorded a Declaration of Covenants,
24   Conditions and Restrictions ("CCRs") purporting to restrict and condition the use of the
25   PROPERTY. The CCRs were recorded in the official records of Storey County, Nevada as
26   document 107749.

27   107.    On November 19, 2007, THE OSBORNS recorded a Record of Survey and
28   the Provisions, Dedications, Easements and Notes ("Record of Survey") for the

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

-18-

1  PROPERTY. The Record of Survey was recorded in the official records of Storey County,
2  Nevada as document 108015.

3       108.   Plaintiffs are informed and believe and thereon allege that the intended
4  purpose of the Record of Survey was to 'divide' the PROPERTY into 254 separate assessors
5  parcels and to utilize a series of those parcels as collateral for additional loans brokered
6  through CETUS.

7       109.   Plaintiffs are informed and believe and thereon allege that the STOREY
8  COUNTY authorities improperly, and without statutory or other authority, permitted THE
9  OSBORNS to record the Record of Survey.

10      110.   Plaintiffs are informed and believe and thereon allege that the STOREY
11 COUNTY authorities placed certain obligations on THE OSBORNS to take certain steps
12 and to do certain things within the 12 month period following November 19, 2007 and that
13 none of those requirements have been met by THE OSBORNS.

14      111. On March 20, 2008, Defendant OSBORN DEVELOPMENT, LLC executed a
15 deed transferring title to the PROPERTY to Defendant RV & YACHT, I, LLC. The deed
16 was recorded in the official records of Storey County, Nevada as document 108654.

17      112. Plaintiffs are informed and believe and thereon allege that on or about April 18,
18 2008, Defendant RV & YACHT I, LLC, with the assistance of CETUS, but without the
19 consent or knowledge of the FIRST RV PARK LENDERS, attempted to subdivide the
20 PROPERTY into different parcels.

21      113. Plaintiffs are informed and believe and thereon allege that Defendant RV &
22 YACHT I, LLC sought additional financing through CETUS which resulted in additional
23 loans from various lenders, repayment of which was secured by separate deeds of trust
24 encumbering the PROPERTY which had been divided into approximately 254 parcels.

25      114. Unknown to Plaintiffs, CETUS recorded additional deeds of trust against
26 portions of the PROPERTY naming each of them as beneficiaries on some but not all of the
27 parcels. CETUS did not seek permission from these Plaintiffs to be granted a beneficial
28 interest in subordinate deeds of trusts, nor did CETUS take steps to attempt to reconvey the

1  beneficial interests held by these Plaintiffs in the FIRST NOTE and FIRST DEED OF

2  TRUST.

3

4  **JUNIOR NOTE ONE AND JUNIOR DEED OF TRUST ONE**

5       115.  Plaintiffs are informed and believe and thereon allege that on or about

6  November 16, 2007, more than four months before it had an interest in the PROPERTY,

7  Defendant RV & YACHT I, LLC executed a promissory note in the amount of $250,000

8  ("JUNIOR NOTE ONE").

9       116.  Repayment of JUNIOR NOTE ONE is purportedly secured by a deed of trust

10  encumbering a portion of the PROPERTY ("JUNIOR DEED OF TRUST ONE").  JUNIOR

11  DEED OF TRUST ONE was recorded April 18, 2008 in the official records of Storey

12  County, Nevada as document 108878.

13       117.  The payees and beneficiaries of JUNIOR NOTE ONE and JUNIOR DEED OF

14  TRUST ONE, respectively, are :

15  •       Defendants BILL BOOTH and LAVONE BOOTH, husband and wife

16          as joint tenants, as to an undivided 40.00% interest;

17  •       Defendants GENE E. MCCLELLAND and PATRICIA L.

18          MCCLELLAND, Trustees or their successors in trust, under the

19          MCCLELLAND LIVING TRUST, as to an undivided 20.00%

20          interest;

21  •       Defendants GEORGE C. SCHUMACHER and TERRY ANNE

22          SCHUMACHER, husband and wife as joint tenants, as to an

23          undivided 20.00% interest;

24  •       Defendants DUANE E. FLESHMAN and JOHNNIE M.

25          FLESHMAN, husband and wife as joint tenants, as to an undivided

26          8.00% interest;

27  •       Defendant STACY L. DOUTRE, custodian for DEREK M. DOUTRE

28          NV/UTMA until age 25, as to an undivided 6.80% interest;

1          •        Defendant RAJEN N. BHATT, a single man, as to an undivided

2                   4.20% interest;

3          •        Defendant CETUS MORTGAGE, LTD., a Nevada corporation, as to

4                   an undivided 1.00% interest.

5          118.  Plaintiffs are informed and believe and thereon allege that JUNIOR DEED OF

6    TRUST ONE purports to encumber Assessor's Parcel Numbers  004-433-25 thru 31 and

7    004-433-56 thru 64.

8

9    **JUNIOR NOTE TWO AND JUNIOR DEED OF TRUST TWO**

10         119.  Plaintiffs are informed and believe and thereon allege that on or about

11   November 16, 2007, more than four months before it had an interest in the PROPERTY

12   Defendant RV & YACHT I, LLC executed a promissory note in the amount of $380,000

13   ("JUNIOR NOTE TWO").

14         120.  Repayment of JUNIOR NOTE TWO is purportedly secured by a deed of trust

15   encumbering a portion of  the PROPERTY ("JUNIOR DEED OF TRUST TWO").  JUNIOR

16   DEED OF TRUST TWO was recorded April 18, 2008 in the official records of Storey

17   County, Nevada as document 108880.

18         121.  The payees and beneficiaries of JUNIOR NOTE TWO and JUNIOR DEED OF

19   TRUST TWO, respectively, include:

20         •        Defendants PEGGY LAKEY and RODGER LAKEY, wife and

21                  husband as joint tenants, as to an undivided 10.52% interest;

22         •        Defendants WILLIAM T. HIGGS and JUDY E. HIGGS husband and

23                  wife as joint tenants with right of survivorship, as to an undivided

24                  9.21% interest;

25         •        Defendant KELVIN R. LAIRD, a single woman, as to an undivided

26                  1.32% interest.

27

28

1          •       Defendants GINO V. MOTL, an unmarried man or JOANNE

2                  TOMASIEWICZ, a married woman, as to an undivided 78.95%

3                  interest;

4       122. Plaintiffs are informed and believe and thereon allege that JUNIOR DEED OF

5   TRUST TWO purports to encumber APNs 004-432-12 thru 22 and 004-432-34 thru 45.

6

7   **JUNIOR NOTE THREE AND JUNIOR DEED OF TRUST THREE**

8       123. Plaintiffs are informed and believe and thereon allege that on or about April 4,

9   2008, Defendant RV & YACHT I, LLC executed a promissory note in the amount of

10  $400,000 ("JUNIOR NOTE THREE").

11      124. Repayment of JUNIOR NOTE THREE is purportedly secured by a deed of

12  trust encumbering a portion of the PROPERTY ("JUNIOR DEED OF TRUST THREE").

13  JUNIOR DEED OF TRUST THREE was recorded April 18, 2008 in the official records of

14  Storey County, Nevada as document 108881.

15      125. The payees and beneficiaries of JUNIOR NOTE THREE and JUNIOR DEED

16  OF TRUST THREE, respectively, include:

17         •       Defendant DARLENE LUSTER, an unmarried woman, as to an

18                 undivided 17.50% interest;

19         •       Defendant DEBRA LYNN HORTON, an unmarried woman, as to an

20                 undivided 13.75% interest;

21         •       Defendant HAZEL M. SIMMONS, an unmarried woman and

22                 MARJORIE M. JONES a married woman as her sole and separate

23                 PROPERTY, as to an undivided 12.50% interest;

24         •       Defendants QUARLES E. SLAVIN and PATRICIA E. SLAVIN

25                 Trustees of the SLAVIN FAMILY REVOCABLE TRUST

26                 AGREEMENT DATED APRIL 24, 1995, as to an undivided 10.00%

27                 interest;

28

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

-22-

1          •    Defendants PETER ALBERT JEPHSON and ETHEL G. JEPHSON,

2               husband and wife as joint tenants, as to an undivided 5.00% interest;

3          •    Defendants QUARLES G. GELTZ JR. and LOA JEAN GELTZ,

4               husband and wife as joint tenants with right of survivorship, as to an

5               undivided 3.75% interest.

6      126.   Plaintiffs are informed and believe and thereon allege that JUNIOR DEED

7 OF TRUST THREE purports to encumber encumbers APNs 004-433-01 thru 06.

8

9   **JUNIOR NOTE FOUR AND JUNIOR DEED OF TRUST FOUR**

10     127.   Plaintiffs are informed and believe and thereon allege that on or about

11 November 16, 2007, more than four months before it had an interest in the PROPERTY

12 Defendant RV & YACHT I, LLC executed a promissory note in the amount of $500,000

13 ("JUNIOR NOTE FOUR").

14     128. Repayment of JUNIOR NOTE FIVE is purportedly secured by a deed of trust

15 encumbering a portion of the PROPERTY ("JUNIOR DEED OF TRUST FOUR").

16 JUNIOR DEED OF TRUST FOUR was recorded April 18, 2008 in the official records of

17 Storey County, Nevada as document 108882.

18     129. The payees and beneficiaries of JUNIOR NOTE FOUR and JUNIOR DEED

19 OF TRUST FOUR, respectively, include :

20          •    Defendants STEPHEN F. GIES and SHARON GIES, husband and

21               wife as joint tenants, as to an undivided 22.00% interest;

22          •    Defendants RICHARD P. ASH and MARY L. ASH, as Trustees for

23               the RICHARD P. AND MARY L. ASH 1990 FAMILY TRUST, as to

24               an undivided 20.00% interest;

25          •    Defendant JENNIFER HICKOK, a married woman as her sole and

26               separate PROPERTY, as to an undivided 12.00% interest;

27          •    Defendant VERONICA DORRIE, as Trustee for VERONICA

28               DORRIE TRUST, as to an undivided 12.00% interest;

1        •    Defendants JEANNE W. KEITH and RAY K. KEITH, wife and

2        husband as joint tenants, as to an undivided 5.00% interest;

3        •    Defendants HENRY L. CLARK and ROBERTA L. CLARK, as

4        Trustees for U/T/A JANUARY 14, 1993 HENRY L. CLARK AND

5        ROBERTA L. CLARK 1993 FAMILY TRUST, as to an undivided

6        3.00% interest;

7        •    Defendant JENNIFER R. HICKOK, C/F JAMISON LEIGH

8        LUNDEMO, as to an undivided 3.00% interest.

9        130.    Plaintiffs are informed and believe and thereon allege that JUNIOR DEED

10  OF TRUST FOUR purports to encumber APNs 004-434-16 thru 31 and 004-434-60 thru 75.

11

12  **JUNIOR NOTE FIVE AND JUNIOR DEED OF TRUST FIVE**

13        131.    Plaintiffs are informed and believe and thereon allege that on or about

14  November 16, 2007, more than four months before it had an interest in the PROPERTY

15  Defendant RV & YACHT I, LLC executed a promissory note in the amount of $775,000

16  ("JUNIOR NOTE FIVE").

17        132.    Repayment of JUNIOR NOTE FIVE is purportedly secured by a deed of trust

18  encumbering a portion of the PROPERTY ("JUNIOR DEED OF TRUST FIVE"). JUNIOR

19  DEED OF TRUST FIVE was recorded April 18, 2008 in the official records of Storey

20  County, Nevada as document 108883.

21        133. The payees and beneficiaries of JUNIOR NOTE FIVE and JUNIOR DEED OF

22  TRUST FIVE, respectively, include :

23        •    Defendant CAROL E. PORTA, as Trustee for the CAROL R. PORTA

24        REVOCABLE TRUST, as to an undivided 17.42% interest;

25        •    Defendant GAYLE ROBINSON, a single woman, as to an undivided

26        16.13% interest;

27

28

1              •    Defendant ROBERT J. FRICKE, as Successor Trustee of the FRICKE

2                    2001 FAMILY TRUST AGREEMENT, dated January 9, 2001, as to

3                    an undivided 12.90% interest;

4              •    Defendants MICHAEL JOHN PONTRELLI and NORMA JEAN

5                    PONTRELLI, as Trustees of the PONTRELLI FAMILY TRUST

6                    dated January 8, 2004, as to an undivided 12.90% interest;

7              •    Defendant JONATHAN EDWARD ARNOW, as Trustee of the

8                    TESSA ARNOW TRUST, as to an undivided 6.45% interest;

9              •    Defendants CLYDE R. BROWN and SHARAN L. BROWN, as

10                   Trustees of the BROWN FAMILY TRUST, as to an undivided 6.45%

11                   interest;

12            •    Defendants CYNTHIA G. DAVIS as Trustee for the SECOND

13                   AMENDED CYNTHIA G. DAVIS LIVING TRUST dated July 1,

14                   2004 and TRACE W. GEIL, an unmarried woman as joint tenants, as

15                   to an undivided 6.45% interest;

16            •    Defendant MARY A. GIANNOTTI, as Trustee of the GIANNOTTI

17                   FAMILY BYPASS TRUST CREATED UNDER THE GIANNOTTI

18                   1990 REVOCABLE TRUST dated October 23, 1990, as to an

19                   undivided 6.45% interest;

20            •    Defendant BEVERLY WALLACE, An unmarried woman, as to an

21                   undivided 6.45% interest;

22            •    Defendant LOIS G. ROBINSON, An unmarried woman, as to an

23                   undivided 1.94% interest.

24      134.     Plaintiffs are informed and believe and thereon allege that JUNIOR DEED

25  OF TRUST FIVE purports to encumber APNs 004-435-01 thru 52.

26

27

28

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

**JUNIOR NOTE SIX AND JUNIOR DEED OF TRUST SIX**

135.  Plaintiffs are informed and believe and thereon allege that on or about November 16, 2007, more than four months before it had an interest in the PROPERTY, Defendant RV & YACHT I, LLC executed a promissory note in the amount of $400,000 ("JUNIOR NOTE SIX").

136.  Repayment of JUNIOR NOTE SIX is purportedly secured by a deed of trust encumbering a portion of the PROPERTY ("JUNIOR DEED OF TRUST SIX"). JUNIOR DEED OF TRUST SIX was recorded April 18, 2008 in the official records of Storey County, Nevada as document 108884.

137.  The payees and beneficiaries of JUNIOR NOTE SIX and JUNIOR DEED OF TRUST SIX, respectively, include :

- Defendants JOHN R. LINDELL and BARBARA A. LINDELL and SHERRI KEY, as Trustees of the LINDELL'S PAINTING SERVICE MONEY PURCHASE PENSION PLAN AGREEMENT, as to an undivided 65.00% interest;

- Defendant CETUS MORTGAGE, LTD., a Nevada corporation, as to an undivided 0.25% interest.

138.  Plaintiffs are informed and believe and thereon allege that JUNIOR DEED OF TRUST SIX purports to encumber APNs 004-432-01 thru 11 and 004-432-23 thru 33.

**DEFAULT**

139.  THE OSBORNS have defaulted under the FIRST NOTE by, among other things, failing to make the interest payments when due and by failing to pay the full principal balance along with accrued interest due on May 31, 2008.

140.  There now remains due, owing and payable the principal sum of $1,700,000 plus accrued interest, together with late charges and costs and legal expenses as set forth in the FIRST NOTE, all according to proof at time of trial or entry of judgment.

1    141. Pursuant to the terms of the FIRST NOTE, THE OSBORNS agreed to pay

2    reasonable attorneys' fees incurred by the FIRST RV PARK LENDERS.

3    142. The FIRST RV PARK LENDERS desire to enforce their rights pursuant to the

4    FIRST NOTE and under applicable Nevada law.

5    143. Plaintiffs are informed and believe and thereon allege that THE OSBORNS are

6    also in default on their obligations to the payees and beneficiaries purporting to hold the

7    interests in JUNIOR NOTES AND DEEDS OF TRUST ONE through SIX.

8    144.    Plaintiffs are informed and believe and thereon allege that each of the

9    respective payees and beneficiaries purporting to hold the interests in JUNIOR NOTES

10   AND DEEDS OF TRUST ONE through SIX claim a senior secured position against all or a

11   portion of the PROPERTY.

12   145.    Plaintiffs have been required to engage counsel to obtain a determination of

13   their rights under their FIRST NOTE and FIRST DEED OF TRUST and have incurred fees

14   and costs in doing so.

15

16                              **FIRST CLAIM FOR RELIEF**

17                                 **(Judicial Foreclosure)**

18   146.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 145 as

19   if fully set forth herein.

20   147.    THE OSBORNS executed the FIRST NOTE AND FIRST DEED OF TRUST

21   in favor of Plaintiffs.

22   148.    THE OSBORNS defaulted under the terms of the FIRST NOTE AND FIRST

23   DEED OF TRUST by, among other things, failing to make the interest payments when due

24   and by failing to pay the full principal balance along with accrued interest due on May 31,

25   2008.

26   149.    There now remains due, owning and payable the principal sum of $1,700,000,

27   plus accrued interest, together with late charges and costs and legal expenses as set forth in

28

1 | FIRST NOTE AND FIRST DEED OF TRUST all according to proof at time of trial or entry

2 | of judgment.

3 |     150.    Pursuant to the terms of the FIRST NOTE AND FIRST DEED OF TRUST

4 | THE OSBORNS agreed to pay reasonable attorneys' fees incurred by Plaintiffs.

5 |     151.    Plaintiffs have duly performed all the conditions precedent on their part that

6 | are required to be performed.

7 |

8 | **SECOND CLAIM FOR RELIEF**

9 | **(Declaratory Relief)**

10 |     152.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 151  as

11 | if fully set forth herein.

12 |     153.    Plaintiffs' FIRST DEED OF TRUST was recorded May 31, 2007 in the

13 | official records of Storey County, Nevada as document 106796.  The beneficial interest in

14 | the FIRST DEED OF TRUST has never been reconveyed.

15 |     154.    Defendants' JUNIOR NOTES AND DEEDS OF TRUST ONE through SIX

16 | were recorded in Storey County, Nevada, sequentially, as documents 108878, 108880,

17 | 108881, 108882, 108883 and 108884, on April 18, 2008.

18 |     155.    An actual controversy exists between Plaintiffs and Defendants, including

19 | CLARK as the Trustee of the CETUS estate, as to the nature, and priority of the

20 | encumbrances on the PROPERTY represented by the FIRST DEED OF TRUST and

21 | JUNIOR DEEDS OF TRUST ONE through SIX.

22 |     156.    Plaintiffs assert that their FIRST NOTE secured by the FIRST DEED OF

23 | TRUST is senior in time and thus senior in priority as an encumbrance on the PROPERTY.

24 |     157.    Plaintiffs are informed and believe that Defendants and each of them dispute

25 | that their security represented by JUNIOR DEEDS OF TRUST ONE through SIX is junior

26 | to that of Plaintiffs.

27 |     158.    Plaintiffs request a judicial determination and declaration by this Court that

28 | the Plaintiffs' FIRST NOTE AND FIRST DEED OF TRUST is in full force and effect and

1  that Defendants' JUNIOR DEEDS OF TRUST ONE through SIX are junior in priority to
2  that of Plaintiffs.

3      159.   A judicial determination is necessary and appropriate at this time.

4

5                          **THIRD CLAIM FOR RELIEF**

6                              **(Declaratory Relief)**

7      160.   Plaintiffs reallege and incorporate by reference paragraphs 1 through 159 as
8  if fully set forth herein.

9      161.   Plaintiffs are informed and believe and thereon allege that STOREY
10  COUNTY improperly, and without statutory or regulatory authority, permitted THE
11  OSBORNS to record the Record of Survey.

12      162.   Plaintiffs are informed and believe and thereon allege that Storey County's
13  improper actions resulted in the Assessor improperly lifting a so-called 'cap' on the real
14  property tax rate which has resulted in a substantial increase in the accruing property taxes.

15      163.   Plaintiffs request a judicial determination and declaration by this Court that
16  Defendant STOREY COUNTY's actions in approving and authorizing the Record of Survey
17  were in violation of applicable laws and regulations and thus null and void and that THE
18  OSBORNS have failed to do those things necessary to maintain the Record of Survey in
19  good standing and that it lapsed by operation of law.

20      164.   Plaintiffs request a judicial determination and declaration by this Court that
21  the Record of Survey is null and void and no longer constitutes an encumbrance upon the
22  PROPERTY.

23      165.   Plaintiffs request a judicial determination and declaration by this Court that
24  the purported increase in real property taxes asserted by STOREY COUNTY as a result of
25  the Record of Survey being improperly recorded, be rendered a nullity.

26  ///
27  ///
28  ///

1    **WHEREFORE**, Plaintiffs pray for relief as follows:

2    **An Order adjudging judicial foreclosure and that:**

3        Their interest under the FIRST DEED OF TRUST be judicially foreclosed

4    and that Judgment, in recordable form, be entered expunging all junior

5    encumbrances, liens and other charges from the STOREY COUNTY real property

6    records;

7        The usual judgment be made for the sale of their interest in the PROPERTY

8    according to law by an appropriate person appointed by the Court;

9        The proceeds of such sale are applied in payment of the amount due to

10    Plaintiffs; and

11        Defendants and all persons claiming under any documents subsequent to

12    execution and recording of the FIRST DEED OF TRUST whether as lien claimants,

13    judgment creditors, person claiming under JUNIOR DEEDS OF TRUST, purchasers,

14    encumbrances or otherwise be barred and foreclosed from all rights, claims, or equity

15    of redemption in the PROPERTY when the time for redemption has passed, and

16    **An Order adjudging that:**

17        Plaintiffs hold the senior encumbrance against the PROPERTY and that the

18    Defendants's interest are junior and subordinate to the interests of Plaintiffs, and

19    **An Order adjudging that:**

20        The Record of Survey was improperly approved by STOREY COUNTY and

21    as a result is a nullity, and that it has lapsed by operation of law and is of no force

22    and effect, and as a result, that property taxes accrued since November 19, 2007 are

23    of no force and effect, and

24    ///

25    ///

26    ///

27    ///

28    ///

1    **An Order adjudging that:**

2         Plaintiff Morrey have the authority to sell the property in accordance with the

3    terms of the powers of attorney signed by all Plaintiffs, which includes reimbursement of

4    expenses plus interest, and

5
6    **An Order awarding attorneys fees and costs.**

7    DATED this 25th day of August, 2010.

8                              **HARTMAN & HARTMAN**

9

10                      /S/ Jeffrey L. Hartman
                   Jeffrey L. Hartman, Esq.
11                      Attorney for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28