<pre>
Jeffrey L. Hartman, Esq., #001607
**HARTMAN & HARTMAN**                    E-Filed 1/20/2012
510 West Plumb Lane, Suite B
Reno, Nevada 89509
Telephone: (775) 324-2800
Facsimile: (775) 324-1818
E-mail: notices@bankruptcyreno.com

Attorneys for Plaintiffs
</pre>

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: | Case No. NV-08-51131-GWZ |
| CETUS MORTGAGE, LTD., | Chapter 7 |
| Debtor. / | Adv. No. 10-05090 |
| CYNTHIA MORREY; RICHARD W. EICHHORN; MICHAEL RHOADS, as General Partner for SPRINGVILLE INVESTORS II GP and as General Partner for COUNTRY RHOADS ASSOCIATES LP; PAUL S. FEARS; STACEY NOLL FEARS; DEAN S. HAGEN as Trustee for HAGEN LIVING TRUST; IRENE J. HAGEN as Trustee for HAGEN LIVING TRUST; ELMER R. VACCHINA as Trustee for ELMER R. VACCHINA TRUST; WILLIAM H. WRIGHT as Trustee for WRIGHT FAMILY TRUST; ROSALIE M. WRIGHT as Trustee for WRIGHT FAMILY TRUST; STEVEN A. TUTTLE; NANCY R. TUTTLE; OPAL A. SMITH as Trustee of the survivor's trust under the LEONARD W. AND OPAL A. SMITH FAMILY TRUST; GEORGE M. DIXON; JANIS A. DIXON; ELSEY D. HARDEN as Trustee of HARDEN 1992 FAMILY TRUST; MARIE JEANNE HARDEN as Trustee of HARDEN 1992 FAMILY TRUST; MICHAEL BENNING; LORI BENNING; BARBARA D. BEAL as Trustee for BARBARA D. BEAL LIVING TRUST; HELEN L. NOLTE as Trustee for HELEN L. NOLTE LIVING TRUST; CARY P. YOUNG; ERIN M. YOUNG; PHILIP L. GREEN; DONNA M. GREEN; RAY P. HOGLAND as Trustee for 2002 HOGLAND TRUST; WILLIAM H. JEPHSON as Trustee for JEPHSON FAMILY TRUST; ELEANOR J. JEPHSON | **MOTION FOR ORDER APPROVING COMPROMISE AND SETTLEMENT OF DISPUTED CLAIM**<br><br>Hearing Date: February 22, 2012<br>Hearing Time: 2:00 p.m. |

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

1  as Trustee for JEPHSON FAMILY TRUST;
   RANDALL R. RUCH as Trustee for
2  SCHUYKILL VALLEY SPORTING
   GOODS, INC. PROFIT SHARING PLAN;
3  GERALD WILLIAMS as Trustee for
   SCHUYKILL VALLEY SPORTING
4  GOODS, INC. PROFIT SHARING PLAN;
   JAY SCHAEFFER, VICTOR ALAN
5  PERRY as Trustee for VICTOR ALAN
   PERRY, LLC DEFINED BENEFIT
6  PENSION PLAN; and SHARLENE JONES
   as executor for IRENE S. K. CHUN
7  (deceased).

8         Plaintiffs,

9  vs.

10 RONALD E. OSBORN; BRENT P.
   OSBORN; OSBORN DEVELOPMENT,
11 CO., LLC, a Nevada limited liability
   company,  RV & YACHT I, LLC, a Nevada
12 limited liability company; BILL BOOTH;
   LAVONE BOOTH; GENE E.
13 MCCLELLAND as Trustee for
   MCCLELLAND LIVING TRUST;
14 PATRICIA L. MCCLELLAND as Trustee
   for MCCLELLAND LIVING TRUST;
15 GEORGE C. SCHUMACHER; TERRY
   ANNE SCHUMACHER; DUANE E.
16 FLESHMAN; JOHNNIE M. FLESHMAN;
   STACY L. DOUTRE as custodian for
17 DERREK M. DOUTRE; RAJEN N.
   BHATT; GIENO V. MOTL; JOANNE
18 TOMASIEWICZ; PEGGY LAKEY;
   RODGER LAKEY; WILLIAM T. HIGGS;
19 JUDY E. HIGGS; KELVIN R. LAIRD;
   ROBERT J. FRICKE as Successor Trustee of
20 the FRICKE 2001 FAMILY TRUST;
   DARLENE LUSTER; DEBRA LYNN
21 HORTON; HAZEL M. SIMMONS;
   MARJORIE M. JONES; CHARLES E.
22 SLAVIN as Trustee for SLAVIN FAMILY
   REVOCABLE TRUST; PATRICIA E.
23 SLAVIN as Trustee for SLAVIN FAMILY
   REVOCABLE TRUST; PETER ALBERT
24 JEPHSON; ETHEL G. JEPHSON;
   CHARLES G. GELTZ, JR.; LOA JEAN
25 GELTZ; STEPHEN F. GIES; SHARON
   GIES; RICHARD P. ASH as Trustee for
26 RICHARD P. AND MARY L. ASH 1990
   FAMILY TRUST; MARY L. ASH as
27 Trustee for RICHARD P. AND MARY L.
   ASH 1990 FAMILY TRUST; GEORGE M.
28 DIXON as Trustee for DIXON ELECTRIC

-2-

| | |
|---|---|
| 1 | PENSION PLAN TRUST; JENNIFER HICKOK; VERONICA DORRIE as Trustee for VERONICIA DORRIE TRUST; JEANNE W. KEITH; RAY K. KEITH; HENRY L. CLARK as Trustee for HENRY L. CLARK AND ROBERTA L. CLARK 1993 FAMILY TURST; ROBERTA L. CLARK as Trustee for HENRY L. CLARK AND ROBERTA L. CLARK 1993 FAMILY TURST; JENNIFER R. HICKOK; C/F JAMISON LEIGH LUNDEMO; CAROL E. PORTA as Trustee for CAROL R. PORTA REVOCABLE TRUST; GAYLE ROBINSON; MICHAEL JOHN PONTRELLI as Trustee for PONTRELLI FAMILY TRUST; NORMA JEAN PONTRELLI as Trustee for PONTRELLI FAMILY TRUST; JONATHAN EDWARD ARNOW as Trustee for TESSA ARNOW TRUST; CLYDE R. BROWN as Trustee for BROWN FAMILY TRUST; SHARAN L. BROWN as Trustee for BROWN FAMILY TRUST; CYNTHIA G. DAVIS as Trustee for SECONDED AMENDED CYNTHIA G. DAVIS LIVING TRUST DATED JULY 1, 2004; TRACE W. GEIL; MARY A. GIANNOTTI as Trustee for GIANNOTTI FAMILY BYPASS TRUST CREATED UNDER THE GIANNOTTI 1990 REVOCABLE TRUST DATED OCTOBER 23, 1990; BEVERLY WALLACE; LOIS G. ROBINSON; JOHN R. LINDELL as Trustee for LINDELL'S PAINTING SERVICE MONEY PURCHASE PENSION PLAN AGREEMENT; BARBARA A. LINDELL as Trustee for LINDELL'S PAINTING SERVICE MONEY PURCHASE PENSION PLAN AGREEMENT; SHERRI KEY as Trustee for LINDELL'S PAINTING SERVICE MONEY PURCHASE PENSION PLAN AGREEMENT; ANGELIQUE CLARK as Trustee for CETUS MORTGAGE; and STOREY COUNTY, NEVADA |
| | Defendants. |
| | _____/ |

Plaintiffs make this motion in accordance with F.R.Bankr.P. 9019 seeking an order approving the compromise and settlement of disputed litigation. This motion is based upon the following discussion of facts and law. Plaintiffs also request the Court take judicial

notice of the papers and pleadings on file in the main Cetus Mortgage Ltd. case.

**BACKGROUND**

1. Prior to filing this bankruptcy case, Cetus Mortgage, Ltd. ("CETUS") was a licensed mortgage broker, ostensibly in compliance with NRS 645B. CETUS acted as a mortgage broker which arranged loans between private lenders and borrowers.

2. In or around May of 2007, one or more CETUS representatives contacted various private lenders to fund a loan to Ronald E. Osborn, Brent P. Osborn, hereinafter referred to as "the Osborns" and including Osborn Development Co. LLC.

3. Plaintiffs, also referred to herein as THE FIRST RV PARK LENDERS, agreed to fund a $1,700,000 loan to Defendant Osborn Development Co. LLC. ("FIRST LOAN"). Security for repayment of the loan was 10 acres of unimproved real property within the Tahoe Reno Industrial Park in Storey County, Nevada (the "Property").

4. THE FIRST RV PARK LENDERS based their decision to fund the $1.7 million FIRST LOAN to the Osborns on many factors, including the development proposed for the Property, the terms of the loan, and the recommendations of CETUS representative Marcilyn Benvin.

5. On or about May 17, 2007, Defendants OSBORN DEVELOPMENT CO. LLC, RONALD E. OSBORN and BRENT P. OSBORN executed a Promissory Note in favor of FIRST RV PARK LENDERS ("FIRST NOTE"). Pursuant to the terms of the FIRST NOTE, OSBORN DEVELOPMENT CO. LLC and THE OSBORNS promised to pay the principal sum of $1,700,000 plus interest at the rate of 10% per annum to the FIRST RV PARK LENDERS. According to the terms of the FIRST NOTE, payments of interest only were to be paid commencing June 30, 2007, and continuing through May 31, 2008, at which time the entire unpaid balance plus accrued interest was immediately due and payable.

6. Repayment of the FIRST NOTE is secured by a deed of trust ("FIRST DEED OF TRUST") encumbering 10 acres of unimproved real PROPERTY ("the PROPERTY"). THE FIRST DEED OF TRUST was recorded May 31, 2007 in the official records of Storey County, Nevada as document 106796.

1     7. On May 31, 2007, the FIRST RV PARK LENDERS obtained a lenders' policy of
2 insurance from FIRST AMERICAN TITLE INSURANCE COMPANY insuring the FIRST
3 DEED OF TRUST in senior position on the PROPERTY.

4 **CCRS AND RECORD OF SURVEY**

5     8. On October 4, 2007, THE OSBORNS recorded a Declaration of Covenants,
6 Conditions and Restrictions ("CCRs") purporting to restrict and condition the use of the
7 PROPERTY. The CCRs were recorded in the official records of Storey County, Nevada as
8 document 107749.

9     9. On November 19, 2007, THE OSBORNS recorded a Record of Survey and the
10 Provisions, Dedications, Easements and Notes ("Record of Survey") against the
11 PROPERTY. The Record of Survey was recorded in the official records of Storey County,
12 Nevada as document 108015.

13     10. The intended purpose of the Record of Survey was to 'divide' the PROPERTY
14 into 254 separate assessors parcels and to utilize a series of those parcels as collateral for
15 additional loans brokered through CETUS.

16     11. The Storey County Assessor improperly, and without statutory authority,
17 permitted THE OSBORNS to record the Record of Survey.

18     12. The Storey County Assessor placed certain obligations on THE OSBORNS to
19 take certain steps and to do certain things within the 12 month period following November
20 19, 2007. None of those requirements were met by THE OSBORNS.

21     13. On March 20, 2008, Defendant OSBORN DEVELOPMENT, LLC executed a
22 deed transferring title to the PROPERTY to Defendant RV & YACHT, I, LLC. The deed
23 was recorded in the official records of Storey County, Nevada as document 108654.

24     14. On or about April 18, 2008, Defendant RV & YACHT I, LLC, with the
25 assistance of CETUS, but without the consent or knowledge of the FIRST RV PARK
26 LENDERS, attempted to subdivide the PROPERTY into different parcels.

27     15. Defendant RV & YACHT I, LLC sought additional financing through CETUS
28 which resulted in additional loans in the aggregate amount of $2,075,000 from various

1  lenders, evidenced by six separate promissory notes, repayment of which was secured by
2  separate deeds of trust encumbering the PROPERTY which had been subdivided into
3  approximately 254 parcels ("JUNIOR NOTES").

4      16. Repayment of the additional $2,075,000 in additional funding was to be secured
5  by six deeds of trust encumbering various of the 254 parcels ("JUNIOR DEEDS OF TRUST
6  ONE through SIX").

7      17. The JUNIOR NOTES AND DEEDS OF TRUST ONE through SIX were
8  recorded in Storey County, Nevada, sequentially, as documents 108878, 108880, 108881,
9  108882, 108883 and 108884, on April 18, 2008.

10     18. On July 9, 2008, CETUS filed its voluntary bankruptcy case.

11     19. No payments on the FIRST NOTE or the JUNIOR NOTES were ever made by
12 OSBORN DEVELOPMENT, LLC or by RV & YACHT, I, LLC.

13     20. On August 26, 2010, PLAINTIFFS filed their complaint for judicial foreclosure

14     21. On October 26, 2010, RONALD E. OSBORN filed his individual chapter 7
15 petition, case no. 10-54220. The case was closed on March 4, 2011.

16     22. Some, but not all of the DEFENDANTS, filed an answer to the COMPLAINT
17 ("ANSWERING DEFENDANTS").

18     23. The ANSWERING DEFENDANTS have offered to settle the dispute by
19 payment of $205,000 to THE FIRST RV PARK LENDERS in exchange for a reconveyance
20 of the FIRST DEED OF TRUST.

21     24. Based upon the real estate market conditions, it is estimated that the
22 PROPERTY is worth substantially less than OSBORN DEVELOPMENT paid for the
23 PROPERTY in 2007.

24     25. Subject to Court approval, PLAINTIFFS have agreed to accept the settlement
25 offer. A copy of the Settlement Agreement is attached hereto as **Exhibit A**.

26 **DISCUSSION**

27     A compromise or settlement in a bankruptcy proceeding is a core proceeding
28 pursuant to the "catch-all" provisions of 28 U.S.C. §157(b)(2)(A). F.R.Bankr.P. 9019(a)

1. authorizes a trustee, upon court approval, to enter into settlement agreements. Settlement agreements in bankruptcy cases are reviewed under the criteria set forth in the case of *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986, *cert. denied sub nom*. *Martin v. Robinson*, 479 U.S. 854 (1986). The four criteria are: (1) probability of success in the litigation; (2) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it; (3) the difficulties, if any, to be encountered in the matter of collection; and (4) the paramount interest of creditors and a proper deference to their reasonable views in the premises. The responsibility of the bankruptcy judge is not to decide the numerous questions of law and fact that may be raised regarding the settlement, but rather to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness. *In re Energy Co-op, Inc.* 886 F.2d 921 (7th Cir. 1989). A mini-trial on the merits of the claim or a bankruptcy judge's independent investigation into the underlying dispute is not required. *In re Walsh Construction, Inc.*, 669 F.2d 1325 (9th Cir. 1982).

**1. Probability of success in the litigation**

One of the difficulties encountered in the litigation is the unavailability of Marcilyn Benvin as a witness. Although the PLAINTIFFS and the DEFENDANTS received lender's policies of insurance for their respective secured positions, questions regarding the role of CETUS and Benvin and whether they were acting in the capacity as agent for the lenders created disputed issues of fact. A legal determination of that question was, and is, difficult to predict and creates substantial uncertainty for the parties.

**2. The complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it**

Due to the number of parties, this litigation is potentially very expensive and likely more expensive than the value of the PROPERTY. Depositions of all of the individual lenders would be costly and would likely take many months to complete. In turn, trial would be lengthy if most or all of the parties were called to testify. As in any litigation, adverse

ruling for either the plaintiffs or the defendants could lead to appeals and more expense and delay.

### 3. The difficulties, if any, to be encountered in the matter of collection

This is not considered to be a factor in the analysis.

### 4. The paramount interest of creditors and a proper deference to their reasonable views in the premises

Unfortunately, this is not a situation which will generate significant funds for the bankruptcy estate and the creditors. The CETUS trustee does hold a very small portion of the FIRST NOTE and FIRST DEED OF TRUST. It does, however, resolve a major problem involving several million dollars of loans brokered by CETUS and indirectly may provide the Trustee with an additional basis to object to proofs of claims filed by various lenders against the bankruptcy estate, thereby enhancing the return to creditors with allowed, unsecured claims.

## CONCLUSION

Based upon the foregoing, PLAINTIFFS request an order approving the settlement and, if necessary, directing the clerk to execute reconveyances as provided by F.R.Bankr.P. 70.

DATED this 20th day of January, 2012.

**HARTMAN & HARTMAN**

/S/ Jeffrey L. Hartman
Jeffrey L. Hartman, Esq.
Attorney for Plaintiffs